BOUTALL, Judge.
This is an appeal from the grant of defendant’s motion for summary judgment dismissing plaintiff’s suit.
The Public Belt Railroad Commission of the City of New Orleans brought suit against H. E. Schurig & Co. of Louisiana for demurrage and switching charges for certain railroad cars for which defendant was a named consignee. The defendant responded with a motion for summary judgment contending that it was an “independent ocean freight forwarder” licensed by the Federal Maritime Commission and that it was not a consignee nor did it have any beneficial interest or control either as a matter of fact or law. Because plaintiff has filed no countervailing affidavits or other proof required by C.C.P. Art. 967 contesting this fact, we accept it as true.
However mover does not contest that it was a named consignee on the freight way bills, but contends only that this was erroneous. The general rule is that a consignee binds himself to pay freight charges, if he accepts delivery of a shipment in interstate commerce, and no railroad carrier may deliver at destination any freight transported by it until the charges have been paid, 49 U.S.C.A. § 3(2). At issue here are charges which arose after the delivery of the shipment, and that same section of the Interstate Commerce Act, § 3(2) provides further in pertinent part:
“ * * * * Where carriers by railroad are instructed by a shipper or consignor to deliver property transported by such carriers to a consignee other than the shipper or consignor, such consignee shall not be legally liable for transportation charges in respect of the transportation of such property (beyond those billed against him at the time of delivery for which he is otherwise liable) which may be found to be due after the property has been delivered to him, if the consignee (a) is an agent only and has no beneficial title in the property, and (b) prior to delivery of the property has notified the delivering carrier in writing of the fact of such agency and absence of beneficial title, and, in the case of a shipment reconsigned or diverted to a point other than that specified in the original bill of lading, has also notified the delivering carrier in writing of the name and address of the beneficial owner of the property.”
In the interpretation of the statute, it has been determined that the requirement of written notice of the fact of agency and absence of beneficial title prior to delivery is essential to avoid liability, for the additional charges. Northwestern Pacific Railroad Company v. Burchwell Company, Inc., 349 F.2d 497 (5th Cir. 1965). The affidavit filed by plaintiff states that no written notification was ever given to the shipper. Mover contends to us in argument that the fact of its legal relationship as independent ocean freight forwarder has been well known to the shipper for a number of years due to many transactions be *61 tween them in writing and otherwise. However this is not put at issue by affidavit, only by argument. On summary judgment we cannot consider facts set out only in argument. Even if we did consider them here, they would create a contest of material fact and would not serve to support summary judgment, but cause its denial because of contest.
In considering a motion for summary judgment, we do not presume to pass upon the validity of facts argued or presented by affidavits or upon the relative ehance of success or failure of the mover’s case after trial upon the merits to establish such facts. We simply determine in this case that under the facts presented to us, the lack of written notice precludes granting the motion for summary judgment as a matter of law. Accordingly, we reverse the judgment appealed from and dismiss the motion for summary judgment.

REVERSED.